MARC J. GROSS, ESQ.
**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, New Jersey  07068
973/535-1600
973/535-1698 (Fax)
Attorneys for Plaintiff

| | |
|---|---|
| NIGHTINGALE & ASSOCIATES, LLC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KEVIN DOWD<br><br>　　　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO.  L-7099-09<br><br>**CIVIL ACTION**<br><br>**ACKNOWLEDGEMENT OF SERVICE** |

TO:  Marc J. Gross, Esq.
     GREENBAUM, ROWE, SMITH & DAVIS LLP
     Attorney for Plaintiff, Nightingale & Associates, Inc.

**COUNSEL:**

　　　Service of the within Amended Complaint and Jury Demand is hereby acknowledged this _____ day of _____, 2009 on behalf of the defendant, Kevin Dowd.

　　　　　　　　　　　　　　　　STARK & STARK


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SCOTT UNGER
　　　　　　　　　　　　　　　　Attorney for ***

1148373.01

MARC J. GROSS, ESQ.
**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue
Suite 301
Roseland, New Jersey 07068
973/535-1600
973/535-1698 (Fax)
Attorneys for Plaintiff

SUPERIOR COURT BERGEN COUNTY
FILED
SEP 1 0 2009
*[signature]*
DEPUTY CLERK

| | |
|---|---|
| NIGHTINGALE & ASSOCIATES, LLC<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN DOWD<br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO. L-7099-09<br><br>**CIVIL ACTION**<br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Nightingale & Associates, LLC, by way of Amended Complaint against the defendant, Kevin I. Dowd, alleges as follows:

### THE PARTIES

1. Nightingale & Associates, LLC ("Nightingale") is a Delaware limited liability company, which conducted certain business in the State of New Jersey.

2. Nightingale was formed on February 20, 1997.

3. Kevin I. Dowd ("Dowd"), residing at 9550 East Yucca Street, Scottsdale, Arizona 85260, was a member of Nightingale from its inception through December 31, 2003 and continued to serve as a limited member of Nightingale thereafter.

1134081.03

## FACTUAL ALLEGATIONS

4. Plaintiff repeats and reiterates the allegations contained in ¶¶1 through 3 as if set forth herein at length.

5. On November 27, 2002, Nightingale and its members, including Dowd, were named as defendants in a lawsuit initiated by a fellow member and venued in the United States District Court under the caption of <u>Stephen J. Hopkins v. Dennis J. Duckett, Michael R. D'Appolonia, Kevin I. Dowd, Howard S. Hoffmann and Nightingale & Associates, LLC</u>, bearing Civil Action No. 02-5589(JLC) (the "Lawsuit").

6. Although the Lawsuit was eventually dismissed, the plaintiff, Stephen J. Hopkins ("Hopkins"), refiled his claims against Nightingale and certain of its members, including Dowd, (the "Defendant Members") in the Superior Court of New Jersey in an action captioned, <u>Stephen J. Hopkins and Stephen Hopkins Associates, Inc. v. Dennis J. Duckett, Michael R. D'Appolonia, Kevin I. Dowd, Howard S. Hoffmann and Nightingale & Associates, LLC</u>, bearing Docket No. C-449-06 ("State Court Action").

7. During the entirety of the Lawsuit and the State Court Action, Dowd participated as a defendant, worked with counsel, participated in strategy sessions, telephone conferences and member meetings.

8. While Dowd surrendered his shares in Nightingale on December 31, 2003, he continued to participate in Nightingale in

an ongoing basis as a limited member through his continued participation in the risks and potential rewards of the Lawsuit and the State Court Action.

9. Indeed, in accordance with Nightingale's Amended and Restated Operating Agreement, dated May 14, 2001, Nightingale established and maintained a reserve of capital apportioned from distributions otherwise due to Dowd and other Nightingale members.

10. Dowd specifically voted in favor of creating a reserve and for the payment of his proportionate share of the fees and costs associated with defending the action filed by Hopkins and pursuing Counterclaims.

11. In this regard and through his continued participation as a member in connection with the Lawsuit and the State Court Action, Dowd continued as a limited member in Nightingale.

12. Indeed, Nightingale and the Defendant Members, filed a Counterclaim in the Lawsuit and in the State Court Action to which Dowd would have received his proportionate share of any recovery, including a recovery of attorneys' fees.

13. After the Lawsuit was dismissed and with the State Court Action nearing trial, Dowd continued to participate in telephone conferences and strategy sessions. In this regard, Dowd was advised by Nightingale prior to the commencement of the trial that the litigation reserve that had been set aside by

member vote in 2002 would be insufficient to fund the anticipated trial costs associated with the State Court Action in full.

14. Moreover, Dowd was informed that at the conclusion of the trial the Defendant Members would be responsible for their proportionate share of the fees and costs not covered by the litigation reserve.

15. At no time did Dowd object or otherwise indicate that he intended to refuse to bear his share of the fees and costs associated with the State Court Action.

16. Relying upon Dowd's continued participation, the State Court Action proceeded to trial and Dowd even appeared at one point and sat at counsel table.

17. The State Court Action was tried before a jury, with proceedings commencing on March 30, 2009 and concluding on April 16, 2009.

18. The jury returned a verdict of no cause of action and the matter was dismissed with prejudice.

19. Although counsel for Nightingale and the Defendant Members made an application for an award of attorneys' fees for reimbursement of such fees to Nightingale, for disbursement to the Defendant Members and certain other members who participated in the funding of the litigation reserve, that motion was denied.

20. On July 30, 2009, Hopkins filed an Notice of Appeal in the State Court Action (the "Appeal").

21. Three of the four Defendant Members funded the fees and costs that remained unpaid in connection with the State Court Action and contributed towards a retainer for the Appeal.

22. There remains due and owing to Nightingale the sum of at least $46,578.76 from Dowd in connection with a capital call for his proportionate share of said fees and costs arising out of the Lawsuit and State Court Action and the sum of not less than $37,500 due from Dowd for his share of a retainer relating to the Appeal.

23. Despite demand, Dowd has failed and refused to pay amounts due.

24. Although Dowd has refused to make payment to Nightingale for his proportionate share of the fees and costs, Nightingale has made payment in full on behalf of itself, Dowd and the other members for the services rendered.

25. Dowd is the only Nightingale member that has refused to pay his proportionate share of the fees and costs arising out of the Lawsuit, the State Court Action and the Appeal.

26. Thus, Nightingale brings this action to recover from Dowd amounts due for his proportionate share of the fees and costs.

**FIRST COUNT**

27. Plaintiff repeats and reiterates the allegations contained in ¶¶1-25 as if set forth herein at length.

28. Notwithstanding Dowd's promises and agreement to pay his proportionate share for the fees and costs related to the State Court Action, Dowd has failed and refused to pay his share upon repeated requests.

29. Dowd's failure to make payment, as aforesaid, constitutes a breach of contract.

30. As a direct and proximate result of Dowd's breach of contract, Nightingale has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

**SECOND COUNT**

31. Plaintiff repeats and reiterates the allegations contained in the First Count as if set forth herein at length.

32. Dowd breached his obligations of good faith and fair dealing by willfully, wantonly and intentionally refusing to pay his proportionate share of the fees and costs in connection with the Lawsuit, the State Court Action and the Appeal, while enjoying the benefits thereof.

33. As a direct and proximate result of Dowd's breach of the implied covenant of good faith and fair dealing, Nightingale has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

### THIRD COUNT

34. Plaintiff repeats and reiterates the allegations contained in the First and Second Counts as if set forth herein at length.

35. At relevant times material hereto Dowd made material omissions with respect to and/or otherwise represented to Nightingale's managing member, among others, that he would contribute and pay his proportionate share of the fees and costs incurred by Nightingale in connection with the Lawsuit and the State Court Action.

36. Dowd knew or should have known that his material omissions and/or representations were false when made.

37. Nightingale relied upon the foregoing material omissions and representations by expending significant sums and by engaging third parties to perform services and to continue to perform services on behalf of Nightingale and each of the Defendant Members, including Dowd.

38. As a direct and proximate result of the material omissions and/or misrepresentations by Dowd, as set forth above, Nightingale has suffered damages.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory and punitive damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

### FOURTH COUNT

39. Plaintiff repeats and reiterates the allegations contained in the First through Third Counts as if set forth herein at length.

40. As a direct and proximate result of the negligent misrepresentations by Dowd, as set forth above, Nightingale has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

### FIFTH COUNT

41. Plaintiff repeats and reiterates the allegations contained in the First through Fourth Counts as if set forth herein at length.

42. In light of the foregoing allegations, and by way of his continuing limited membership in Nightingale, Dowd was bound as a fiduciary to act toward and deal with Nightingale and its members with the utmost fidelity, loyalty, care and good faith.

43. By virtue of the foregoing allegations, Dowd has intentionally and willfully breached his fiduciary duty.

44. As a direct and proximate result of Dowd's breach of fiduciary duty, Nightingale has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

### SIXTH COUNT

45. Plaintiff repeats and reiterates the allegations contained in the First through Fifth Counts as if set forth herein at length.

46. As a direct and proximate result of the foregoing allegations and in particular Dowd's acceptance and enjoyment of the benefit of the fees and costs expended on his behalf without paying his proportionate share of same, Dowd has been unjustly enriched.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for

compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

### SEVENTH COUNT

47. Plaintiff repeats and reiterates the allegations contained in the First through Sixth Counts as if set forth herein at length.

48. As set forth above, Nightingale has made payment to its service providers for the fees and costs expended in connection with the Lawsuit, the State Court Action and the payment of a retainer on the Appeal, including the fees and costs due on the part of Dowd.

49. In that Dowd has failed to pay his proportionate share, despite demand, Dowd is indebted Nightingale and is required by operation of law to indemnify Nightingale for the fees and costs advanced on his behalf.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

### EIGHTH COUNT

50. Plaintiff repeats and reiterates the allegations contained in the First through Seventh Counts as if set forth herein at length.

1134081.03

51. As set forth above, Nightingale has made payment to its service providers for the fees and costs expended in connection with the Lawsuit, the State Court Action and the payment of a retainer on the Appeal, including the fees and costs due on the part of Dowd.

52. In that Dowd has failed to pay his proportionate share, despite demand, Dowd is indebted Nightingale and is required by operation of law to provide contribution to Nightingale for the fees and costs advanced on his behalf.

**WHEREFORE**, plaintiff, Nightingale & Associates, LLC, demands judgment against defendant, Kevin I. Dowd, for compensatory damages, interest, costs of suit and such other and further relief as the Court deems appropriate and just.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff

By: _____
MARC J. GROSS

Dated: August 31, 2009

### JURY DEMAND

Plaintiff, Nightingale & Associates, LLC hereby demands a trial by jury as to all issues so triable.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Plaintiff

By: _____
MARC J. GROSS

Dated: August 31, 2009

11

1134081.03

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R.4:25-4, Marc J. Gross, Esq., is hereby designated as trial counsel on behalf of plaintiff, Nightingale & Associates, LLC, in the within matter.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Plaintiff

By: _____
    MARC J. GROSS

Dated: August 31, 2009

**CERTIFICATION PURSUANT TO R.4:5-1**

I hereby certify, pursuant to R.4:5-1, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or pending arbitration proceeding. I further certify that no other Court action or arbitration is contemplated by defendants herein and that no other person, party or claim should be joined as a party to this action at the present time.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Plaintiff

By: _____
    MARC J. GROSS

Dated: August 31, 2009

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for Initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1. **Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.** | PAYMENT TYPE: CK  CG  CA<br>CHG/CK NO.:<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |



| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Marc J. Gross, Esq. | (973) 535-1600 | **BERGEN** |
| FIRM NAME (If applicable)<br>**GREENBAUM, ROWE, SMITH & DAVIS LLP** | | DOCKET NUMBER (When available)<br>L-7099-09 |
| OFFICE ADDRESS<br>75 Livingston Avenue, Suite 301<br>Roseland, NJ 07068 | | DOCUMENT TYPE<br>**Complaint**<br>JURY DEMAND  [X] YES  [ ] NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| **(Plaintiff)**<br>**Nightingale & Associates, LLC** | **Nightingale & Associates, LLC v. Kevin Dowd** |

| CASE TYPE NUMBER (See reverse side for listing) 599 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  [ ] YES  [X] NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?  [ ] YES  [X] NO | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  [ ] YES  [X] NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>[ ] NONE  [ ] UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  [X] YES  [ ] NO | IF YES, IS THAT RELATIONSHIP | [ ] EMPLOYER-EMPLOYEE<br>[ ] FAMILIAL | [ ] FRIEND/NEIGHBOR<br>[X] BUSINESS | [ ] OTHER (explain) |
|---|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  [ ] YES  [X] NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  [ ] YES  [X] NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  [ ] YES  [X] NO | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE: /s/

30 - Civil Case Information Statement (CIS)
Appendix XII-B1
Rev. 7/08   Effective 9/1/08   R9/08

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (Briefly describe nature of action) _____

### Track II — 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE - PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE - PROPERTY DAMAGE
- 699  TORT – OTHER

### Track III — 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV — Active Case Management by Individual Judge/450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Mass Tort (Track IV)
- 241  TOBACCO
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 272  BEXTRA/CELEBREX
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 276  DEPO-PROVERA
- 277  MAHWAH TOXIC DUMP
- 278  ZOMETA/AREDIA
- 601  ASBESTOS
- 619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

30 - Civil Case Information Statement (CIS)
Appendix XII-B1
Rev. 7/08   Effective 9/1/08   P9/08


Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

                         DATE:   AUGUST 13, 2009
                         RE:     NIGHTINGALE & ASSOCIATES LLC VS DOWD
                         DOCKET: BER L -007099 09

   THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

   DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

   THE PRETRIAL JUDGE ASSIGNED IS:  HON BRIAN R. MARTINOTTI

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      004
AT:  (201) 527-2600.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH   R.4:5A-2.
                          ATTENTION:
                                       ATT: MARC J. GROSS
                                       GREENBAUM ROWE SMITH& DAVIS LL
                                       75 LIVINGSTON AVENUE
                                       ROSELAND          NJ 07068


JUBKAZ0
```