**STARK & STARK**
A Professional Corporation
993 Lenox Drive, Bldg. 2
P.O. Box 5315
Princeton, New Jersey 08543-5315
(609) 896-9060
*Attorneys for Defendant Kevin I. Dowd*

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| NIGHTINGALE & ASSOCIATES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN DOWD, <br><br> Defendant. | CIVIL ACTION NO.: 2:09-CV-5703 <br><br><br> **ANSWER TO PLAINTIFF'S** <br> **AMENDED COMPLAINT** |

Defendant, Kevin I. Dowd (hereinafter "Dowd"), by way of Answer to the Amended Complaint of Plaintiff, Nightingale & Associates, LLC (hereinafter "Nightingale"), states as follows:

<u>**THE PARTIES**</u>

1.      The allegations contained within paragraph one of Plaintiff's Amended Complaint are admitted.

2.      The allegations contained within paragraph two of Plaintiff's Amended Complaint are admitted.

3.      Denied that Dowd resides in Arizona.  He is domiciled in Nevada.  It is admitted that Dowd was a member of Nightingale.  It is denied that he remained a member.  He resigned as a member on or about December 31, 2003.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

## FACTUAL ALLEGATIONS

4.      Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

5.      The allegations contained within paragraph five of Plaintiff's Amended Complaint are admitted.

6.      The allegations contained within paragraph six of Plaintiff's Amended Complaint are admitted.

7.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint and Plaintiff is left to its proofs.

8.      Admitted that Dowd surrendered his ownership interest in Nightingale on December 31, 2003.  It is denied that he continued to participate in Nightingale after he resigned as a member.  He remained an individual defendant in the lawsuit.  Per Nightingale's operating agreement, Nightingale had a duty to defend and indemnify Dowd.

9.      The allegations contained within paragraph nine of Plaintiff's Amended Complaint are admitted.

10.     It is admitted that prior to his resignation as a member of Nightingale, Dowd voted in favor of creating a reserve per the indemnity obligation. The remaining allegations contained in paragraph ten of Plaintiff's Amended Complaint are denied.

11.     The allegations contained within paragraph eleven of Plaintiff's Amended Complaint are denied.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twelve of Plaintiff's Amended Complaint and Plaintiff is left to its proofs.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

13.     It is admitted that Dowd briefly appeared at the trial. The remaining allegations contained within paragraph thirteen of Plaintiff's Amended Complaint are denied.

14.     The allegations contained within paragraph fourteen of Plaintiff's Amended Complaint are denied.

15.     The allegations contained within paragraph fifteen of Plaintiff's Amended Complaint are denied.

16.     The allegations contained within paragraph sixteen of Plaintiff's Amended Complaint are denied.

17.     The allegations contained within paragraph seventeen of Plaintiff's Amended Complaint are admitted.

18.     The allegations contained within paragraph eighteen of Plaintiff's Amended Complaint are admitted.

19.     The allegations contained within paragraph nineteen of Plaintiff's Amended Complaint are admitted.

20.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty of Plaintiff's Amended Complaint and Plaintiff is left to its proofs.

21.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-one of Plaintiff's Amended Complaint and Plaintiff is left to its proofs.

22.     The allegations contained within paragraph twenty-two of Plaintiff's Amended Complaint are denied.

23.     The allegations contained within paragraph twenty-three of Plaintiff's Amended Complaint are denied.

STARK & STARK
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

24.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-four of Plaintiff's Amended Complaint and Plaintiff is left to its proofs.

25.    The allegations contained within paragraph twenty-five of Plaintiff's Amended Complaint are denied.

26.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-six of Plaintiff's Amended Complaint and Plaintiff is left to its proofs.

## FIRST COUNT

27.    Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

28.    The allegations contained within paragraph twenty-eight of the First Count of Plaintiff's Amended Complaint are denied.

29.    The allegations contained within paragraph twenty-nine of the First Count of Plaintiff's Amended Complaint are denied.

30.    The allegations contained within paragraph thirty of the First Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

## SECOND COUNT

31.    Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

32.    The allegations contained within paragraph thirty-two of the Second Count of Plaintiff's Amended Complaint are denied.

33.    The allegations contained within paragraph thirty-three of the Second Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE,** Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

### THIRD COUNT

34.    Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

35.    The allegations contained within paragraph thirty-five of the Third Count of Plaintiff's Amended Complaint are denied.

36.    The allegations contained within paragraph thirty-five of the Third Count of Plaintiff's Amended Complaint are denied.

37.    The allegations contained within paragraph thirty-seven of the Third Count of Plaintiff's Amended Complaint are denied.

38.    The allegations contained within paragraph thirty-eight of the Third Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE,** Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

### FOURTH COUNT

39.    Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

40.      The allegations contained within paragraph forty of the Fourth Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

## FIFTH COUNT

41.      Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

42.      The allegations contained within paragraph forty-two of the Fifth Count of Plaintiff's Amended Complaint are denied.

43.      The allegations contained within paragraph forty-three of the Fifth Count of Plaintiff's Amended Complaint are denied.

44.      The allegations contained within paragraph forty-four of the Fifth Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

## SIXTH COUNT

45.      Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

46.      The allegations contained within paragraph forty-six of the Sixth Count of Plaintiff's Amended Complaint are denied.

STARK & STARK
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

## SEVENTH COUNT

47.     Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

48.     The allegations contained within paragraph forty-eight of the Seventh Count of Plaintiff's Amended Complaint are denied.

49.     The allegations contained within paragraph forty-nine of the Seventh Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

## EIGHTH COUNT

50.     Defendant repeats and realleges each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

51.     The allegations contained within paragraph fifty-one of the Eighth Count of Plaintiff's Amended Complaint are denied.

52.     The allegations contained within paragraph fifty-two of the Eighth Count of Plaintiff's Amended Complaint are denied.

**WHEREFORE**, Defendant demands judgment against the Plaintiff dismissing the Plaintiff's Amended Complaint together with costs, attorneys' fees and such other relief as this Court may deem to be necessary and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by equitable defenses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrines of Estoppel, Laches and Waiver

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's lacks standing to assert the claims alleged against this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies a breach of contract.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies any negligent misrepresentation, intentional misrepresentation or fraudulent concealment.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant denies the applicability of punitive damage theories under the facts of this litigation and, in any event, this Defendant denies it is so liable under said theories.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to join parties without whom the action cannot proceed.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off, recoupment and counterclaim for the damages suffered by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Failure to plead fraud with specificity.

## TWELFTH AFFIRMATIVE DEFENSE

It's claims are barred by the governing operating agreement which requires that the plaintiff defend and indemnify the defendant.

## COUNTERCLAIM
### (Breach of the Operating Agreement)

1.     Kevin I. Dowd ("Dowd") is a citizen of the State of Nevada residing at 631 North Stephanie Street, #216, Henderson, Nevada 89014 and, thus, is domiciled in the State of Nevada.

2.     Nightingale & Associates, LLC ("Nightingale") is a Delaware limited liability company which maintains its principal place of business in the State of Connecticut.

3.     On or about May 14, 2001, an Amended and Restated Operating Agreement (hereinafter "Operating Agreement") relating to Nightingale was executed. Herein attached as Exhibit "A" is a true and accurate copy of the Operating Agreement.

4.     At the time the Operating Agreement was executed Dowd was a member of Nightingale.

5.     Section 12 of the Operating Agreement provides:

12.1   **No Liability**.

12.1.1. No Member or Manager shall be personally liable to the Company or other Members in acting on behalf of the Company or in his or her capacity as a Member or Manager, except as otherwise required by applicable law, provided that his or her actions or omissions did not constitute fraud, bad faith, gross negligence or willful misconduct.

12.1.2. No Manager shall be personally liable for failure to perform in accordance with, or to comply with the terms and conditions of, this Agreement or for any other reason unless such failure to conform or to comply or such other reason constitutes fraud, bad faith, gross negligence or willful misconduct by such Manager. A manager shall be fully protected in relying in good faith upon information, opinions, reports or statements furnished by any Person as to matters

STARK & STARK
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

the Manager reasonably believes are within such other Person's professional or expert competence and who has been selected with reasonable care, including information, opinions, reports or statements as to the value and amount of assets, liabilities, Profits or Losses of the Company, the valuation of transactions in which the Company engages or contemplates engaging, the reasonableness of the terms of a loan transactions, and any other facts pertinent to the existence and amount of assets from which a distribution to Members might properly be paid.

12.2    **Right to Indemnification**.  Subject to the limitations and conditions as provided in this Section 12, each Person who was or is made a party or is threatened to be made a party to or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative (a "Proceeding"), or any appeal in such a Proceeding or any inquiry or investigation that could lead to such a Proceeding, by reason of the fact that such Person is or was a Member or Manager, or while a Member or Manager of the Company is or was serving at the request of the Company as a member, director, officer, partner, venturer, proprietor, trustee, employee, agent, or similar functionary of another foreign or domestic limited liability company, corporation, partnership, joint venture, sole proprietorship, trust, employee benefit plan or other enterprise shall be indemnified by the Company against all costs and expenses, including reasonable attorneys' fees, the costs and expenses of investigation, and judgments and amounts paid in settlement actually and reasonably incurred in connection with such action, suit or proceeding, if such Member, Manager or such other Person acted in good faith and in a manner in which such Member, Manager or such other Person reasonably believed to be in the best interest of the Company.

12.3.    **Advance Payment**.  The right to indemnification conferred in this Section 12 shall include the right to be paid or reimbursed by the Company the reasonable expenses incurred by a Person who was, is or is threatened to be made a named defendant or respondent in a Proceeding in advance of the final disposition of the Proceeding and without any determination as to the Person's ultimate entitlement to indemnification; provided, however, that the payment of such expenses incurred by any such Person in advance of the final disposition of a Proceeding shall be made only upon delivery to the Company of a written affirmation by such Person of such Person's good faith belief that he has met the standard of conduct necessary for indemnification under this Section 12 and a written undertaking, by or on behalf of such Person, to repay all amounts so advanced if it shall ultimately be determined that such indemnified Person is not entitled to be indemnified under this Section 12 or otherwise.

12.4.    **Indemnification of Employees and Agents**.  In the discretion of the Manager, the Company may indemnify and advance expenses to any employee or agent of the Company to the same extent and subject to the same conditions under which it may indemnify and advance expenses to Members and the Manager under Section 12.2 and 12.3.

12.5.    **Limitations on Indemnification**.  Notwithstanding anything to the contrary contained in this Section 12, no Person shall be entitled to indemnification under this Section 12 if any such indemnification shall be determined to be contrary to

applicable law or if it is determined by a court of competent jurisdiction that such Person is not entitled to indemnification because he or she (i) did not act in good faith or (ii) did not act in a manner that he or she reasonably believed to be in the best interest of the Company.

6.       Nightingale breached the Operating Agreement by filing the above-referenced action against Dowd seeking to collect monies relating to prior litigation because Nightingale had a contractual duty to defend and indemnify Dowd since Dowd was not found liable in the prior litigation.

7.       Dowd suffered and continues to suffer damages as a result of Nightingale's breach of the Operating Agreement, including but not limited to the defense costs associated with defending this litigation.

WHEREFORE, by virtue of the foregoing acts and allegations, Kevin Dowd hereby demand judgment in his favor and against Nightingale & Associates, LLC , for compensatory damages, together with pre and post-judgment interest, costs of suit, reasonable attorneys' fees, and any such other legal and equitable relief as the Court deems necessary, appropriate and just.

STARK & STARK
A Professional Corporation


By:_____
    SCOTT I. UNGER
    993 Lenox Drive
    P.O. Box 5315
    Princeton, New Jersey 08543-5315
    Phone:      (609) 896-9060
    Fax:          (609) 895-7395
    Attorneys for Defendant Kevin I. Dowd

Dated: November 16 , 2009

STARK & STARK
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

-11-

## DEMAND FOR TRIAL BY JURY

Defendant, Kevin I. Dowd, demands a trial by jury as to all issues.

STARK & STARK
A Professional Corporation

By:_____
SCOTT I. UNGER
993 Lenox Drive
P.O. Box 5315
Princeton, New Jersey 08543-5315
Phone:     (609) 896-9060
Fax:        (609) 895-7395
Attorneys for Defendant Kevin I. Dowd

Dated: November 16, 2009

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315