**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NIGHTINGALE & ASSOCIATES, LLC, | : | |
| Plaintiff, | : | **OPINION & ORDER** |
| v. | : | Civ. No. 09-5703 |
| KEVIN DOWD, | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Defendant Kevin Dowd moves pursuant to Federal Rule of Civil Procedure 59(e) for the Court to reconsider and reverse its order of March 28, 2011. In that order, the Court denied Dowd's motion for summary judgment. Dowd brings this motion because he says the Court overlooked certain uncontested claims, arguments and other matters which are dispositive of this action. Dowd's motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are set out at length in the summary judgment opinion and need not be repeated here. A brief recitation of the procedural history, however, is in order.

Nightingale sued Dowd in the Superior Court of New Jersey, Bergen County seeking at least $84,078.86 in outstanding legal fees. Dowd counterclaimed for breach of contract—asserting that Nightingale breached its operating agreement by filing this lawsuit against him because Nightingale had a contractual duty to defend and indemnify him. The Court denied Dowd's motion for summary judgment. Dowd now moves for reconsideration of that order.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

A motion for reconsideration must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Murray v. Beverage Distrib. Ctr.*, Civ. No. 09-5403, 2011 U.S. Dist. LEXIS 14720, at *3 (D.N.J. Feb. 14, 2011) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)); *see also Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument.") (citation omitted); *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (It is improper for the moving party "to ask the Court to rethink what it had already thought through—rightly or wrongly.").

## DISCUSSION

Dowd argues that the Court should reconsider and reverse its denial of summary judgement because it overlooked certain matters that would have resulted in the opposite outcome. Def. Br. 2. Specifically, Dowd contends that the Court: (1) overlooked that the agreement upon which Nightingale's claim rests is unenforceable because it lacks valid consideration and (2) failed to consider that Nightingale is not a third party beneficiary of any agreement between Dowd and the other members of the LLC because the parties to that agreement did not intend the benefit as a gift or in satisfaction of a pre-existing obligation to the intended beneficiary. *Id.*

**NOT FOR PUBLICATION**

**A.  Consideration for the Agreement Between Dowd and the Other LLC Members**

While the Court agreed with Dowd that any agreement between Dowd and Nightingale itself to pay the costs of litigation lacked consideration, the same is not true with respect to any agreement between Dowd and the other individual members of Nightingale. Considering the facts most favorable to the plaintiff, the individual members of the LLC had no pre-existing duty to agree among themselves to each pay a share of the litigation expenses once the reserve had run out. Their exchange of promises to share the costs of litigation constituted consideration. *See, e.g.*, *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 87 (2002) ("The essential requirement of consideration is a bargained-for exchange of promises or performance . . . .") (citations omitted). Moreover, despite his argument to the contrary, Dowd never raised the specific issue of consideration related to this **agreement among the members** of Nightingale and waived his right to now assert this theory as a defense. *See, e.g.*, *Talsania v. Kohl's Dept. Store*, Civ. No. 05-3892, 2009 WL 1562325, at *2 (D.N.J. June 3, 2009); *Mr. Sprout, Inc. v. Merchants Dispatch Transp. Corp.*, Civ. No. 87-1574, 1988 WL 166678, at *2 (D.N.J. Mar. 2, 1988).

**B.  Nightingale's Status as a Third Party Beneficiary**

Dowd also maintains that the Court overlooked the legal elements of a third party beneficiary claim; namely that parties to an agreement must have intended the agreement to benefit another as a gift or in satisfaction of an obligation to qualify as a third party beneficiary. Def. Br. 9. The New Jersey Supreme Court has held that "[t]he contractual intent to recognize a right to performance in a third person is key" in determining whether or not a party is a third party beneficiary. *Broadway Maintenance Corp. v. Rutgers*, 90 N.J. 253, 259 (1982). "If that intent does not exist, then the third party is only an incidental beneficiary, having no contractual standing." *Id.* (citations omitted). Whether or not a third party beneficiary is a donee or a creditor

**NOT FOR PUBLICATION**

of the contractual promisee is relevant "only in ascertaining the intent of the parties." *Id.* Meaning, the main inquiry when ascertaining a party's standing as a third party beneficiary to a contract is whether the parties to the agreement intended the third party to benefit from the contract, not whether the parties explicitly intended to gift the third party with prospect of enforcing the agreement. *See K. Hovnanian Cos. Northeast Inc. v. County of Essex*, 2009 WL 2391971, at *7 (N.J. Super. App. Div. 2009); *Insulation Contracting & Supply v. Kravco, Inc.* 507 A.2d 754, 758-59 (N.J. Super. App. Div. 1986).

In *Strulowitz v. Provident Life & Cas. Ins. Co.*, 815 A.2d 993 (N.J. Super A.D. 2003), the Appellate Division of the New Jersey Superior Court highlighted this point when it held that even though the plaintiff was not the "owner or payee of [an insurance] policy" he was clearly more than an incidental beneficiary to the policy because he "sought the policy, paid for the policy, was the insured under the policy, and would be the ultimate recipient of the policy's funds. . . ." *Strulowitz*, 815 A.2d at 996-97. Similarly, Nightingale was more than just an incidental beneficiary to the agreement between Dowd and the individual members of Nightingale to pay for their share of the litigation expenses. The money pooled by the members paid for both the individual members' and the LLC's litigation expenses. Indeed, according to Howard Hoffman, the managing member of Nightingale, "[w]ithout this separate agreement, there would have been no Nightingale to defend the Hopkins litigation as continued operations would not have made economic sense. Thus, Nightingale as an entity would have gone into default and the individual member Defendants would have been left to manage their own defenses. This agreement avoided that outcome . . . ." Hoffman Decl. ¶ 6. Enough evidence exists for a reasonable fact finder to conclude that the agreement between Dowd and the

**NOT FOR PUBLICATION**

members was for Nightingale's benefit, making Nightingale a third party beneficiary that can enforce the agreement.

## CONCLUSION

**IT IS ORDERED** that Dowd's motion for reconsideration is DENIED.

June 30, 2011

<u>/s/ William H. Walls</u>
United States Senior District Judge
